**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Audrea Mitchell | * | |
| On behalf of herself and other members of the general public similarly situated, | * | |
| | * | Case No. 2:17-cv-717 |
| Plaintiff, | * | Judge Michael H. Watson |
| v. | * | Magistrate Judge Chelsey M. Vascura |
| Independent Home Care, Inc. | * | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | * | |

**PLAINTIFF'S FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Audrea Mitchell ("Plaintiff," "Named Plaintiff," or "Plaintiff Mitchell"), through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for her First Amended Complaint against Independent Home Care, Inc. ("Defendant" or "IHC"), for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15, and Ohio's Recordkeeping laws, Ohio Rev. Code §§ 4111.08 and 4111.14(G) & (H) (the Ohio Wage Act, the OPPA, and Ohio's Recordkeeping laws will be referred to collectively as "the Ohio Acts"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to

the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Wage Act, the OPPA, Chapter 4112, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

## II. THE PARTIES

4. Named Plaintiff Audrea Mitchell is an individual, United States citizen, and resident of the State of Ohio living in the Southern District of Ohio.

5. At all times relevant herein, Plaintiff was employed by Defendant as a home health aide beginning in February, 2013 through the present.

6. As a home health aide, Plaintiff was an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts.

7. During her employment with Defendant, Named Plaintiff was not fully and properly paid for all of her compensable hours worked, including overtime, resulting in unpaid overtime wages for the three years preceding the filing of this First Amended Complaint.

8. Named Plaintiff brings this action on behalf of herself and on behalf of those similarly situated, and has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff's consents is being filed along with the First Amended Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

9. Defendant Independent Home Care, Inc. is a domestic for-profit corporation with its principal place of business believed to be located, according to Plaintiff's payroll records, at 4040 E. Broad St., Suite 201, Columbus, Ohio 43213, in Franklin County, which is in the Southern District of Ohio. Defendant's statutory agent address is 3954 Stapleford Drive, Columbus, Ohio 43230.

10. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

11. During relevant times, Defendant benefitted from the work performed by Named Plaintiff and those similarly situated.

12. Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

13. During relevant times, Defendant has been involved in the employment decisions of Named Plaintiff, including, but not limited to, decisions about Defendant's wage and hour policies and practices that affect Named Plaintiff and all other similarly situated employees.

### III. STATEMENT OF FACTS

14. All of the preceding paragraphs are realleged as if fully rewritten herein.

15. During her employment with Defendant, Named Plaintiff Mitchell worked as a home health aide providing companionship services, domestic services, home care, and other in-home services from approximately February, 2013 and is still presently employed with Defendant. She is paid on an hourly basis in the amount of approximately $10 per hour. Named Plaintiff regularly worked more than 40 hours per week, but was not paid one and one-half her correct regular rate ("overtime premium" or "overtime") for all hours she worked over 40 in any workweek since January 1, 2015.

16. At all times relevant herein, the Named Plaintiff was an employee of Defendant as defined in the FLSA and the Ohio Wage Act.

17. Subject to the elimination of a previous companionship services exemption on January 1, 2015, the Named Plaintiff was an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Wage Act.

18. Defendant is and has been an "employer" as that term is defined by the FLSA and the Ohio Wage Act.

19. During relevant times, Defendant suffered and permitted Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their overtime premium. At other relevant times, Defendant suffered and permitted Named Plaintiff and those

similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their correct overtime premium.

20. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio, as well as record keeping laws of the State of Ohio.

21. During relevant times, Defendant had knowledge of and acted willfully in regards to its conduct described herein.

22. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

23. Plaintiff neither primarily performed managerial duties nor supervised two or more employees. Plaintiff could not hire, fire, or discipline employees.

24. Plaintiff's primary job duties did not consist of the exercise of discretion and independent judgment with respect to matters of significance.

25. Thus, at all times relevant, Plaintiff was employed as a non-exempt hourly employee entitled to overtime wages for all hours worked in excess of forty (40) in any workweek.

26. During the relevant time period, Defendant applied the same pay practices and policies to all hourly, non-exempt employees, including Plaintiff.

27. Since January 1, 2015, Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and practices of not paying employees the correct overtime premium for all hours worked over 40 in a workweek.

28. Defendant knew or should have been aware that Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to overtime premium based on the correct regular rate of pay, but it willfully elected not to fully compensate its employees since January 1, 2015.

29. Defendant's failure to pay Plaintiff resulted in unpaid wages, including overtime wages, liquidated damages, costs, and attorneys' fees.

## IV. COLLECTIVE ACTION ALLEGATIONS

### A. 216(b) Collective Action for Unpaid Overtime and Other Wages.

30. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees of Defendant who provided companionship services, domestic services, home care, and/or other in-home services, who worked over 40 hours in any workweek beginning January 1, 2015 through the date of final disposition of this case (the "§216(b) Class" or the "§216(b) Class Members").

31. Examples of employees that may be members of the 216(b) Class include, but may not be limited to: home managers, support associates, caregivers, home health aides, aides, and other employees who provided companionship services, domestic services, home care, and other in-home services for Defendant.

32. The 216(b) Class Members were no longer exempt from the FLSA as of January 1, 2015. *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6; *Dillow v. Home Care Network, Inc.*, No. 1:16-CV-612, 2017 WL 749196, at *1 (S.D. Ohio Feb. 27, 2017).

33. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiff, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendant's company-wide payroll policies and practices. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

34. The identity of the putative 216(b) Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

35. The net effect of Defendant's policies and practices is that Defendant willfully failed to pay the correct overtime wages to save payroll costs. Thus, Defendant enjoyed substantial ill-gained profits at the expense of the Named Plaintiff and §216(b) Class Members.

**B. Fed.R.Civ.P. 23 Class Action for Unpaid Overtime Wages.**

36. Named Plaintiff brings her Ohio Wage Act claims pursue to Fed.R.Civ.P. 23 as a class action on behalf of herself and all other members of the following class:

> All current and former hourly, non-exempt employees of Defendant who provided companionship services, domestic services, home care, and/or other in-home services, who worked over 40 hours in any workweek beginning January 1, 2015 through the date of final disposition of this case (the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members")

37. Examples of employees that may be members of the Ohio Rule 23 Class include, but may not be limited to: home managers, support associates, caregivers, home health aides, aides,

and other employees who provided companionship services, domestic services, home care, and other in-home services for Defendant.

38. The Ohio Rule 23 Class Members were no longer exempt from the FLSA as of January 1, 2015. *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6; *Dillow v. Home Care Network, Inc.*, No. 1:16-CV-612, 2017 WL 749196, at *1 (S.D. Ohio Feb. 27, 2017).

39. During relevant times, Plaintiff and those similarly situated worked more than forty (40) hours per workweek, but were not correctly compensated at a rate of at least one and one-half times their correct regular rate of pay for all hours worked in excess of 40 because of Defendant's policies or practices.

40. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

41. Named Plaintiff is a member of the Ohio Rule 23 Class and her claims for unpaid overtime wages are typical of the claims of other members of the Ohio Rule 23 Class.

42. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

43. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

44. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

45. Questions of law and fact are common to the Ohio Rule 23 Class.

46. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

47. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant jointly acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

48. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

49. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class one and one-half times their regular rate of pay for hours worked in excess of forty hours per week; (b) whether Defendant kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

50. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial,

administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

51. During relevant times, due to the elimination of the previous companionship services exemption on January 1, 2015, Plaintiff and those similarly situated were not exempt from the overtime provisions of the FLSA and the Ohio Wage Act as described above.

52. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members worked more than forty (40) hours per workweek, but were not correctly compensated at a rate of at least one and one-half times their correct regular rate of pay for all hours worked in excess of 40 because of Defendant's policies or practices.

53. Plaintiff and those similarly situated have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein.

V. **CAUSES OF ACTION**

**COUNT I**
**(FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)**

54. All of the preceding paragraphs are realleged as if fully rewritten herein.

55. This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself and the §216(b) Class.

56. During the relevant time period, up to January 1, 2015, preceding this Complaint, Defendant employed the Named Plaintiff and the §216(b) Class Members.

57. Named Plaintiff and the §216(b) Class Members were paid on an hourly basis when working in non-exempt positions.

58. Named Plaintiff and the §216(b) Class Members worked in excess of 40 hours in a workweek.

59. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

60. The FLSA requires that non-exempt employees receive overtime compensation of their regular rate of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

61. "Regular rate" of pay shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, including non-discretionary bonuses like the type of Named Plaintiff and the Putative Class Members. *See* 29 U.S.C. § 207(e); *see also* 29 C.F.R. § 778.208 ("Among these excludable payments are discretionary bonuses, gifts, and payments in the nature of gifts on special occasions, contributions by the employer to certain welfare plans and payments made by the employer pursuant to certain profit-sharing, thrift and savings plans…<u>bonuses which do not qualify for exclusion from the regular rate as one of these types must be totaled in with other earnings to determine the regular earnings of the employee</u>.") (emphasis added.)

62. Named Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.1, *et seq*.

63. Named Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR § 541.301.

64. Named Plaintiff and the § 216(b) Class Members routinely worked in excess of forty hours per week since January 1, 2015.

65. Named Plaintiff and the § 216(b) Class Members should have been paid the correct overtime premium for all hours worked in excess of forty hours per workweek since January 1, 2015.

66. Defendant violated the FLSA with respect to Named Plaintiff and the §216(b) Class by, *inter alia*, failing to *fully* compensate them at time-and-one-half times their regular rates of pay for each hour worked over forty (40) hours in a workweek.

67. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant was doubtlessly aware of the January 1, 2015 exemption elimination for third party employers, yet Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the 216(b) Collective Members are entitled.

68. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay the Named Plaintiff and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

69. As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the 216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the 216(b) Class Members.

## COUNT II
### (UNPAID OVERTIME PURSUANT TO THE OHIO WAGE LAW)

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. This claim is brought under Ohio Law.

72. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

73. The Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not correctly paid one and one-half times their regular hourly rate for all hours worked over 40 in a workweek.

74. Defendant violated the Ohio Wage Act with respect to Named Plaintiff and Ohio Rule 23 Class Members by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates of pay for each hour worked over forty (40) hours in a workweek for the reasons set forth above.

75. Defendant's company-wide corporate policy and/or practice of not properly paying their hourly, non-exempt employees the *correct* overtime premium for each hour worked over forty (40) hours in a workweek resulted in unpaid overtime wages.

76. Named Plaintiff and Ohio Rule 23 Class Members were not exempt from the wage protections of Ohio Law.

77. Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendant acted willfully.

78. For Defendant's violations of R.C. §4111.03, by which the Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages; the Named Plaintiff

and the Ohio Rule 23 Class Members seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
### (VIOLATION OF OHIO'S PROMPT PAY ACT)

79. All of the preceding paragraphs are realleged as if fully rewritten herein.

80. During relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

81. The OPPA requires Defendant to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

82. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

83. The Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

84. Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

85. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the § 216(b) Class pray for an Order as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. A declaratory judgment that Defendant's payroll policy or practice of not including a non-discretionary "performance bonus" into the regular rate of pay for Named Plaintiff and the § 216(b) Class as described herein violates the FLSA;

D. A declaratory judgment that Defendant's recordkeeping policies and practices alleged herein violate the federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2, *et seq.*, and that Class Plaintiffs, the 216(b) Class Members are entitled to prove their hours worked with reasonable estimates;

E. Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

F. Judgment against Defendant for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff and all other similarly situated employees during the applicable statutory period;

G. Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

  H.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

  I.  Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

  J.  Such other and further relief as to this Court may deem necessary, just or proper.

  **WHEREFORE**, as to **Counts II** and **III**, Named Plaintiff and the Ohio Rule 23 Class Members request judgment against Defendant for violations of the Ohio Wage Law and the OPPA for an Order:

  K.  Awarding to the Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

  L.  Awarding Named Plaintiff and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

  M.  Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period;

  N.  Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the Ohio Acts; and

  O.  Awarding Named Plaintiff and the Ohio Rule 23 Class Members such other and further relief as the Court deems necessary, just or proper.

        Respectfully submitted,

        /s/ *Matthew J.P. Coffman*_____
        Matthew J.P. Coffman (0085586)
        **Coffman Legal, LLC**
        1457 S. High St.
        Columbus, Ohio 43207
        Telephone: (614) 949-1181
        Facsimile: (614) 386-9964
        Email: mcoffman@mcoffmanlegal.com

        /s/ *Daniel I. Bryant*_____
        Daniel I. Bryant (0090859)
        **BRYANT LEGAL, LLC**
        1457 S. High St.
        Columbus, Ohio 43207
        Telephone: (614) 704-0546
        Facsimile: (614) 573-9826
        Email:  dbryant@bryantlegalllc.com

        *Attorneys for Named Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury trial of eight (8) persons to hear all issues so triable.

        /s/ *Matthew J.P. Coffman*____
        Matthew J.P. Coffman (0085586)